# UNITED STATES DISTRICT COURT
## Southern District of Florida
## Broward Division

CASE NO.:

PAUL RITCHIE,
an individual, and;
RAQUEL RITCHIE,
an individual,

                Plaintiffs,

v.

MATTHEW A. DOLMAN, P.A.,
d/b/a DOLMAN LAW GROUP, and
d/b/a DOLMAN LAW GROUP
ACCIDENT INJURY LAWYERS PA,
a Florida for-profit corporation;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS, LLP,
a Florida limited partnership;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS,
a Florida general partnership;
SIBLEY LAW, P.A.,
a Florida for-profit corporation, and;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS, P.A.,
a Florida for-profit corporation
administratively dissolved,

                Defendants.

_____/


## VERIFIED COMPLAINT FOR
## DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL


      Plaintiffs, PAUL RITCHIE, and RAQUEL RITCHIE through their undersigned counsel,

sue the above-named Defendants and allege:

## JURISDICTION AND VENUE

1.  This is an action for: Age Discrimination in Employment (29 U.S.C. §§ 621 to 634); Violation of the Florida Civil Rights Act of 1992 (FCRA) prohibiting age discrimination in the workplace (Fla. Stat.§760.10(1)(a); Breach of employment contracts; Misclassification of Employee as an independent contractor under Florida Common Law and the Fair Labor Standards Act (29 U.S.C. 201, et seq.); Statutory Misappropriation of Image (Fla. Stat. §540.08); Florida Common Law - Unauthorized Use of Likeness, and; Florida Common Law - Restitution (Quantum Meruit/Unjust Enrichment).

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and supplemental jurisdiction under 28 U.S.C. §1367 to hear additional Florida State claims substantially related to the original claim(s).

3.  Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in Broward County, Florida and the Defendants are Florida entities with sufficient contacts subjecting them to personal jurisdiction in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.  On or about Feb 7, 2020 Plaintiff Paul Ritchie filed a charge with the Equal Employment Opportunity Commission regarding the defendants' alleged discriminatory conduct.

5.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which Plaintiff received on or about February 28, 2020.

## PARTIES

6.  Plaintiff PAUL RITCHIE is over 40 years of age, a resident of the State of Florida and otherwise *sui juris*.

7.  Plaintiff RAQUEL RITCHIE is a resident of the State of Florida and otherwise *sui juris*.

8.  Defendant MATTHEW A. DOLMAN, P.A., d/b/a DOLMAN LAW GROUP, and d/b/a DOLMAN LAW GROUP ACCIDENT INJURY LAWYERS PA, is a Florida for-profit corporation with its principal office located at 800 N. Belcher Road Clearwater, FL 33765 whose Registered Agent is Rebecca Dolman located at the same address.

9.  Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS, LLP is a Florida limited partnership filed on 10/29/2018 whose Registered Agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

10.  Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS is a Florida general partnership filed on 10/29/2018 whose Registered Agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

11.  Defendant SIBLEY LAW, P.A., is a Florida for-profit corporation with its principal office located at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180 with Brent Sibley as its Registered Agent.

12.  Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS, P.A., is a Florida for-profit corporation formed on April 11, 2018 and administratively dissolved on September 29, 2019.  Registered agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

13.  All above named Defendants are related and intertwined through consolidation, merger and/or common ownership and control and have otherwise abrogated their separate identities and/or acted in concert and/or are successors in interest.

14. All Defendants named herein are highly integrated with respect to ownership and operations and constitute a single employer or integrated enterprise.  All Defendants are therefore referred to collectively as "Sibley Dolman" herein.

15. Sibley Dolman, as referenced herein, employs 20 or more employees.

## FACTS

16.  Paul Ritchie graduated law school in 1987 and more recently performed free-lance paralegal services exclusively for licensed attorneys.

17.  Beginning in June 2016, Florida attorney Brent Sibley (Sibley Law, P.A.) engaged Paul Ritchie for assistance with various cases.

18.  On or about March 2017, Sibley provided a private office, computer and telephone for Paul Ritchie at the same office building where Sibley and his regular employees operated the firm of Sibley Law, P.A..  With Sibley's knowledge and consent Paul Ritchie continued to work on matters for other attorneys and remained a free-lance paralegal in that respect.  Although, Ritchie was now paid a regular flat monthly amount for all work required by Sibley.

19.  At all material times hereto Sibley, as an owner and supervising attorney, exercised control over all aspects and details of Ritchie's work and schedule.  Ritchie's work was part of the regular business of the employer.

20.  On or about July 2017, Sibley offered, and Paul Ritchie accepted the role of Chief Operations Officer for the Sibley Law firm.

21.  At that time Sibley and Paul Ritchie entered into an oral agreement whereby, Paul Ritchie would be allowed to temporarily continue his free-lance paralegal services for other attorneys until Sibley Law firm, and the envisioned "Sibley Law Group," could support him

exclusively and for as long as Ritchie desired.  It was agreed between Paul Ritchie and Sibley that this position and arrangement would become exclusive, full-time and endure indefinitely.

22.   On or about September 2017, Sibley Law moved out of the office building in Hollywood, Florida.  It was agreed that Ritchie also move and would lease his own office in a Fort Lauderdale building also occupied by a bankruptcy attorney for whom Paul Ritchie performed paralegal services.

23.   Otherwise, the arrangement for work and compensation between Sibley Law and Paul Ritchie remained the same while utilizing internet communications and document systems set up by Sibley.  Sibley also provided computer monitors and telephone equipment to Paul Ritchie.

24.   In September 2017, Paul Ritchie's wife, Raquel Ritchie, joined him as an administrative assistant in his new office to help with the growing number of cases assigned to Ritchie by various attorneys and increasing workload from Sibley.

25.   Over previous months, Ritchie had helped grow one attorney's bankruptcy practice significantly though effective marketing.  Raquel Ritchie handled bankruptcy client intake and documentation as well as other administrative tasks.

26.  Paul Ritchie's ongoing services to Sibley Law, P.A. included client intake interviews, preparing demand presentations for complex and high value personal injury cases, and other paralegal duties.

27.   Paul Ritchie was also a key person in operational and organizational management. Ritchie developed the litigation workflow and filing system.  He had responsibility for organizing and conducting quarterly staff meetings, creating presentations and providing training of employees.  Ritchie also assisted Sibley in conducting weekly staff meetings for the growing firm.

28.  On April 11, 2018 Brent Sibley merged his practice with that of Matthew Dolman and formed "Sibley Dolman Personal Injury Lawyers PA."[1]  The principals of that firm are believed to be Attorneys Mathew Dolman, and Brent Sibley, (age 42 and 38 respectively at that time).

29.  As caseloads increased, Brent Sibley announced to Ritchie in the summer of 2018 a plan that Sibley Dolman would soon open an office at North Miami Beach.

30.  Consistent with the earlier agreement between Paul Ritchie Sibley, it was agreed that Paul Ritchie would begin to terminate his working relationships with other attorneys and devote all his time exclusively to Sibley Dolman.

31.  In July 2018 pursuant to, and relying upon, the agreement between Paul Ritchie and Sibley, Paul Ritchie gave notice to terminate his Fort Lauderdale office lease effective September 1, 2018.

32.  On or about September, 2018, Brent Sibley held a meeting with Paul Ritchie and Raquel Ritchie at Turnberry Isle Country Club.  At that meeting Brent Sibley, on behalf of Sibley Dolman, offered full-time employment to Raquel Ritchie as a phone receptionist and administrative assistant with a promise of job security for as long as she wished.  She accepted.

33.  Consistent with their agreement, Sibley at that time on behalf of Sibley Dolman granted Paul Ritchie a raise in monthly pay based on his exclusive employment relationship with Sibley Dolman.

34.  It was agreed that Paul Ritchie and Raquel Ritchie would work from their home office via Sibley Dolman's internet communications, management systems, and equipment, except for in-person meetings as required.

---

[1] Other entities were formed under the "Sibley Dolman" banner in October 2018 and are included as Defendants because their present legal status and relationship appear to be intertwined and not distinct.  Upon information and belief, Matt Dolman and Brent Sibley are principals in all entities bearing the "Sibley" and/or "Dolman" names.

35.  During the period from September to November 2018, Paul Ritchie and Raquel Ritchie set up the Sibley Dolman office in North Miami Beach.

36.  Paul Ritchie created the office design including layout, furnishings, equipment and décor.

37.  Paul Ritchie designed a new company logo for Sibley Dolman, which is still used by the firm in its public advertising.

38.  Raquel Ritchie obtained the necessary city business license for Sibley Dolman from the City of North Miami Beach.

39.  Paul Ritchie supervised installations of signage, designed by Ritchie, as well as electronics and internet service.

40.  Paul Ritchie and Raquel Ritchie shopped, selected, transported and assembled furniture, electronics and a beverage bar.  Ritchie's provided equipment including a refrigerator, coffee maker and microwave oven at his own (unreimbursed) expense.  Paul and Raquel Ritchie transported and disposed of unwanted furniture left by a previous tenant.  They painted/wallpapered the entire office, conference and reception areas.  These efforts were accomplished after normal hours and on weekends to make ready for the next quarterly employee meeting of Sibley Dolman.

41.  The effort and contributions of time, talent and material by Paul Ritchie and Raquel Ritchie were above and beyond the agreed job duties, performed on their own time and, were based on the employment relationship promised by Brent Sibley as being secure.

42.  On or about December 10, 2018 Matthew Dolman hired Patrice Altine, age 37, into the Sibley Dolman firm.

43.   On or about January 2019, Altine was given responsibility for certain operational duties previously performed by Paul Ritchie including client intake, demands to insurance companies and transfer of client files to the operational system used by Dolman Law Group.

44.   On or about January 2018 Ritchie was instructed by Brent Sibley to join in a video shoot with Matthew Dolman and Sibley.  The purpose, as Sibley explained to Ritchie, was to create footage depicting the top three key people (Sibley, Dolman and Ritchie) of the Sibley Dolman firm engaged in active discussions.

45.   Publication plans for the video were not discussed or disclosed to Ritchie.

46.   Paul Ritchie was never provided an opportunity to review or approve any use of video footage of his image prior to any publication.

47.   Paul Ritchie did not execute any release for publication of his image or likeness.

48.   On or about January 2019, a younger paralegal, under the age of 40 and whose name is believed to be Michaela, was hired at the Clearwater office of Sibley Dolman to assume duties over cases previously under the purview of Paul Ritchie.

49.   In March 2019, Ritchie requested a meeting with Sibley to discuss management issues, particularly the assignment of responsibilities that would have normally fallen to Ritchie.  Ritchie expressed to Sibley that he was feeling like a "mushroom" (kept in the dark and fed B.S.) since the hire of Patrice Altine and Michaela.

50. At Gulfstream Park on March 15, 2019 Brent Sibley told Paul Ritchie that Matthew Dolman and his wife Rebecca Dolman (principals in Dolman Law Group and Sibley Dolman) had discussed Ritchie's continued employment with Sibley.  Sibley reassured Ritchie that his and Raquel's, employment status remained secure and would continue for as long as they desired.

51. Plaintiff Paul Ritchie was consistently complimented, and paid bonuses based on his performance for Sibley Dolman.

52. On March 26, 2019 Brent Sibley asked Paul Ritchie to come early to a staff meeting scheduled for that same day.  Upon the Ritchie's arrival, Sibley arranged to be alone with Paul Ritchie.

53. Sibley then notified Paul Ritchie that his employment, and that of his wife Raquel, was terminated immediately upon order of Matthew Dolman.  Sibley indicated that he had known of Dolman's directive for several days.  No explanation was given.

54. Paul Ritchie continued to be paid thru the month of April 2019 and asked to remain available if called upon, but was essentially relieved of all duties.

55. Raquel Ritchie was paid for the following two weeks after discharge.

56. All electronic and communications equipment belonging to Sibley was returned from Ritchie's home office.

57. Unbeknownst to Paul Ritchie, a promotional video depicting the image and personality of Paul Ritchie had been published on the internet by Sibley Dolman just days before Ritchie was terminated, but after Matthew Dolman purportedly made the decision to fire Paul Ritchie and Raquel Ritchie and communicated that to Brent Sibley.

58. Continuously since that date, and despite written objection by Paul Ritchie, that video and others containing Ritchie's identifiable likeness have been promulgated by Sibley Dolman over the internet on various platforms in direct promotion of Sibley Dolman law firm for the commercial purpose of selling legal services to new clients.

59. By use of editing, some of the videos improperly suggest that Paul Ritchie is associated with insurers or insurance defense firms or adjusters.  The audience could easily believe, as perhaps

intended, that the image of Paul Ritchie is that of an adversary to the Sibley Dolman firm and its clients and is defamatory by implication or presents Paul Ritchie in a false light.

60.  Immediately after the sudden termination by Sibley Dolman and publication of the videos, both Ritchie's income for paralegal and administrative services dropped dramatically. Both Paul Ritchie and Raquel Ritchie felt betrayed and depressed, adversely impacting ability to seek new accounts.

61.  On or about October 21, 2019, Plaintiff Paul Ritchie sent a letter to Sibley Dolman outlining a number of potential claims arising from his discharge from employment.  Among those was a potential claim for age discrimination.

62.  On or about October 29, 2019, Mathew Dolman lodged a complaint with the Florida Bar that Paul Ritchie was engaging in the unauthorized practice of law.

63. On or about December 19, 2019, Paul Ritchie made a formal response to that Bar complaint.

64.  On or about April 13, 2020 the Florida Bar closed the complaint without further action.

65.  Plaintiffs have been required to engage legal counsel to pursue their rights due to Defendants acts and continue to incur legal fees and costs.

66.  Plaintiffs have suffered and continue to suffer monetary damages, emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, and depression) as a proximate result of Defendants acts alleged herein.

//

//

//

### FIRST CLAIM FOR RELIEF
### By Plaintiff Paul Ritchie
AGE DISCRIMINATION
<u>Wrongful Termination of Employment</u>
29 U.S.C §623(a)(1)

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

67. At all material times hereto Plaintiff Paul Ritchie was over the age of 40.

68. At all material times hereto, Plaintiff Paul Ritchie was performing his job duties satisfactorily or better, received performance-based bonuses and consistently good performance feedback from the employer.

69. Plaintiff Paul Ritchie was discharged.

70. Two younger comparators with inferior qualifications and not in the protected class kept their jobs substantially replacing Plaintiff Paul Ritchie.

71. Defendants Sibley Dolman had a continuing need for the Plaintiff's skills and services and his various duties were still being performed within the law firm after his discharge.

72. Defendants Sibley Dolman willfully and wrongfully terminated the employment of Plaintiff Paul Ritchie in violation of 29 U.S.C §623(a)(1).

WHEREFORE, having alleged a plausible *prima facie* case of age discrimination based on facts alleged herein, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a) Back pay from the time of discharge to trial;

    b) Front pay, to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

c) Compensatory damages, including but not limited to emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, and depression) in amounts to be proven at trial;

d) Liquidated and/or other punitive damages applicable under the law in amounts to be proven at trial;

e) Attorney's fees as provided under applicable law, and;

f) Other and further relief as this Court may deem just and equitable.

**SECOND CLAIM FOR RELIEF**
**By Plaintiff Paul Ritchie**
AGE DISCRIMINATION
<u>Unlawful Retaliation</u>
29 U.S.C §623(d) and 42 U.S.C. 2000e-3(a)

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

73.  Plaintiff Paul Ritchie engaged in activity protected under 42 U.S.C. 2000e-3(a) when he sent a letter to Sibley Dolman on October 21, 2019 opposing an unlawful employment practice, namely age discrimination.

74.  Defendants were aware of Plaintiff Paul Ritchie's participation in the protected activity as evidenced by their acknowledgement of the Plaintiff's letter dated October 21, 2018 and forwarding that letter to the Florida Bar.

75.  Defendants, by their principal Matthew Dolman, took adverse action against the Plaintiff by lodging a complaint with the Florida Bar.

76.  A causal connection exists between the protected activity and the adverse action.  On his own behalf, Plaintiff Paul Ritchie on October 2, 2019 complained to the employer of a practice

that he reasonably believed violated the anti-discrimination laws.  In retaliation, Mathew Dolman submitted a complaint about Ritchie to the Florida Bar.

77.  An inquiry by the Florida Bar was conducted and closed on April 13, 2020 without further action.

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a)  Back pay from the time of discharge to trial;

    b)  Front pay, to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

    c)  Compensatory damages, including but not limited to emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, anger, depression, embarrassment frustration as well as reputational harm, and other negative consequences experienced as a result of the retaliation) in amounts to be proven at trial;

    d)  Liquidated and/or other punitive damages applicable under the law in amounts to be proven at trial;

    e)  Attorney's fees as provided under applicable law, and;

    f)  Other and further relief as this Court may deem just and equitable.

//

//

//

//

//

### THIRD CLAIM FOR RELIEF
### By Plaintiff Paul Ritchie
BREACH OF EMPLOYMENT CONTRACT

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

78.  On behalf of Defendant Sibley Law, P.A., Brent Sibley entered into an employment contract with Paul Ritchie on or about March 2017 for an indefinite duration.

79.  On or about September 2018 ratification of the employment contract was communicated to Ritchie by Brent Sibley on behalf of all Defendants named herein.

80.  Plaintiff has performed all of the conditions, covenants and promises required in accordance with the terms and conditions of the contract.

81.  By promising job security for as long as the employee desired and other assurances and representations, Defendants abrogated their at-will termination rights.

82. Defendants, and each of them, breached their employment agreement with Plaintiff Paul Ritchie by arbitrarily terminating his services.

83.  As a result of the breach of the Defendants, and each of them, of the obligations pursuant to the employment contract, Plaintiff Paul Ritchie has suffered damages.

WHEREFORE, Plaintiff Paul Ritchie requests this Court grant to Plaintiff and against Defendants:

    a)  Back pay damages from the time of breach to trial;

    b)  Front pay (expectation damages), to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

    c)  Attorney's fees as provided under applicable law, and;

    d)  Other and further relief as this Court may deem just and equitable.

**FOURTH CLAIM FOR RELIEF**
**By Plaintiff Raquel Ritchie**
BREACH OF EMPLOYMENT CONTRACT

Plaintiff Raquel Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

84.  On behalf of Defendants, Brent Sibley entered into an employment contract with Raquel Ritchie on or about September 2018 whereby Defendants promised job security indefinitely.

85.  By promising job security for as long as the employee desired, Defendants abrogated their at-will termination rights.

86.  Plaintiff Raquel Ritchie has performed all of the conditions, covenants and promises required in accordance with the terms and conditions of the contract.

87. Defendants, and each of them, breached their employment agreement with Plaintiff Raquel Ritchie by arbitrarily terminating her services.

88. As a result of the breach of the Defendants, and each of them, of the obligations pursuant to the employment contract, Plaintiff Raquel Ritchie has suffered damages.

WHEREFORE, Plaintiff Raquel Ritchie requests this Court grant to Plaintiff and against Defendants:

      a)  Back pay damages from the time of breach to trial;

      b)  Front pay (expectation damages), to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

      c)  Attorney's fees as provided under applicable law, and;

      d)  Other and further relief as this Court may deem just and equitable.

## FIFTH CLAIM FOR RELIEF
### By Plaintiff Paul Ritchie
Supplemental State Claim
Statutory Misappropriation of Image – *Fla. Stat.* §540.08

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

89.  While Paul Ritchie consented to be videoed at the direction of his employer, there was no voluntary consent to the use (publication) of the likeness, where or when it would appear, or what it would be used for.

90.  Any consent became invalid upon termination of employment.

91.  Paul Ritchie was not allowed to view or approve the video before it was used.

92.  The use of Paul Ritchie's likeness was for Defendant's benefit and done to directly promote a product or service, not merely for expressive purposes.

93.  The association of Paul Ritchie's likeness is valuable and exploitive whether he is seen as representing an adversary (acting role to which he was an unwitting player) or as an integral part of the Sibley Dolman firm.  In either event, the value to Sibley Dolman is apparent by the continuous running of Ritchie's likeness for several months over the internet.

94.  Among others, the first video containing Ritchie's image also appeared on the Dolman Law Group "YouTube" channel on or about March 23, 2019 (https://www.youtube.com/user/dolmanlawclearwater) indicating it received 635,000 views as of October 20, 2019.  It is curious that more recently, that web page indicates the specific video had received only 380 views.  According to YouTube.com, one such video featuring Paul Ritchie has received over 6,000 views (https://www.youtube.com/watch?v=SDyCt5Ybw7w).  Another video featuring Paul Ritchie has received over 2,500 (https://www.youtube.com/watch?v=gpmbNGbr7N8).  And yet another, also displaying        Paul        Ritchie,        has        received        more        than        2,500

(https://www.youtube.com/watch?v=_UJukXfWeAU).   This list is not all inclusive – there are more promotional videos published by Defendants in which Paul Ritchie's image appears on various websites without his consent.

95.  The unauthorized use of his image has disrupted Plaintiff's effort to control his public image for marketing purposes, and may have substantially altered that image after receiving hundreds of thousands of views on the internet.

WHEREFORE, under Florida's right of publicity statute, the Plaintiff requests that this Court grant:

a)  Injunctive relief barring further publication of Plaintiff's image, likeness or name by or in association with Sibley Law, Sibley Dolman or Dolman Law Group;

b)  Plaintiff's recovery of damages for loss or injury sustained by reasons and actions stated above, including an amount which would have been a reasonable royalty;

c)  Prejudgment interest on the damages awarded, and;

d)  Such further equitable relief the Court deems just and reasonable as provided by law.


### SIXTH CLAIM FOR RELIEF
**By Plaintiff Paul Ritchie**
Supplemental State Claim
Florida Common Law - Unauthorized Use of Likeness

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

96.  The Florida common law right of publicity extends to any individual whose name or likeness has been exploited through unauthorized use during his or her lifetime.

97.  The common law right is meant to protect the privacy and integrity of an individual's name and likeness, because "Nothing so exclusively belongs to a man or is so personal and

valuable to him as his name, inasmuch as his reputation and the character he has built up are inseparably connected with it." *Battaglia v. Adams*, 164 So. 2d 195 (Fla. 1964).

98.  A violation of the common law right of publicity is found when an individual's name or likeness is used without his or her consent for the benefit its value would confer on the defendant.

99.  Under the common law right of publicity, a plaintiff may be awarded nominal damages for the unauthorized use of his or her name without proving actual harm or damage.

100.  The common law right to privacy in Florida traditionally includes; the right to prohibit publicity that unreasonably places one in a false light before the public, and; the right to prohibit the appropriation of one's name and likeness.

101.  The unauthorized depiction of Paul Ritchie in the videos caused the plaintiff personal and professional humiliation, and it was severe enough to harm his career, and adversely impact his income and relationships with family.

WHEREFORE, Plaintiff Paul Ritchie requests this Court grant to Plaintiff and against Defendants:

    a.  Nominal damages for unauthorized use without further proof;

    b.  Damages for defamation (false light) in an amount to be proven at trial;

    c.  Damages for shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future in amounts to be proven at trial, and;

    d.  Such further relief as deemed by this Court to be just and equitable under law.

//

//

//

**SEVENTH CLAIM FOR RELIEF**
**By Plaintiffs Paul Ritchie and Raquel Ritchie**
Supplemental State Claim
Florida Common Law Restitution – Measured by Quantum Meruit and Unjust Enrichment

Plaintiffs reallege and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

102.  Paul Ritchie and Raquel Ritchie performed substantial hours working to make improvements and alterations to the North Miami Beach office of Sibley Dolman.

103.  Paul Ritchie and Raquel Ritchie relied on promises of job security reaffirmed on behalf of Sibley Dolman and then breached by order of Matthew Dolman.

104.  Plaintiffs changed their position to their prejudice in reliance upon the agreements which they would not have done except for the agreements.

105.  An action founded on quantum meruit or unjust enrichment at the expense of another is a common law variety of restitution to enforce an implied promise, otherwise referred to as a quasi-contract or a contract implied in law.

106.  Thus, the Plaintiffs use quantum meruit and unjust enrichment to measure recovery (restitution) because the Plaintiffs performed services for the benefit of Defendants who breached a promise upon which they intended Plaintiffs to rely, and they did so rely.

WHEREFORE, Plaintiff requests this Court grant:

a.  Restitution to Plaintiffs for the value of improvements, labor and equipment provided to the North Miami Beach Office by Plaintiffs;

b.  Restitution to Plaintiff Paul Ritchie for the value of the Sibley Dolman logo design, and;

c.  Other and further equitable relief deemed just by this Court.

**EIGHTH CLAIM FOR RELIEF**
**By Plaintiff Paul Ritchie**
29 U.S.C. 201, *et seq*
And Supplemental State Claim - Florida Common Law
<u>Misclassification of Employee</u>

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 66 above as if fully set forth below.

107.   The legal character of Paul Ritchie's employment relationship actually changed in March 2017 upon commencing monthly regular payments to Ritchie.  At that point he became an employee, although not an exclusive one.  Paul Ritchie became exclusively employed by Sibley Dolman commencing September 1, 2018.

108.   Under Florida law, independent contractor or employee status depends not on the statements of the parties but upon all the circumstances of their dealings with each other.

109.   Florida law determines whether a worker is an independent contractor or employee based on a number of factors, the most important being the extent of control exercised by the employer over the worker.

110.   Here, it is indisputable that Sibley Dolman exercised complete control dictating to Paul Ritchie the work to be performed, hours to be worked and provided the operational systems and equipment to perform the work.  All work product was reviewed and supervised by attorney Brent Sibley who exercised the right to direct what would be done and how and when it would be done.  And, after September 1, 2018, Paul Ritchie worked exclusively for only one company - Sibley Dolman.

111.   The federal government also uses a multi-factor test to determine if a worker has been properly classified as an independent contractor, including; whether the company exerts a high

level of control and instruction over the work; the company provides the tools and materials needed to perform the job, and; whether the person works for only one company.

112.  Method of payment is also a factor, whether by the time or by the job.  Paul Ritchie was paid for his time on a regular basis for work that was a regular part of the firm.

113.  Not every factor need be present to conclude that a worker is an employee rather than an independent contractor.  But among the factors, the "extent of control" is recognized by Florida courts as the most important factor in determining whether a person is an employee or independent contractor.

WHEREFORE, Plaintiff requests this Court enter judgment for Plaintiff and against Defendants:

a.  Declaring that Paul Ritchie was an employee and not an independent contractor as of a date no later than September 2018 (and as early as March 2017) and continuing through the date of his termination from employment;

b.  Awarding Plaintiff damages to include, but not limited to, overtime, break time, unpaid employer taxes in amounts to be proven at trial;

c.  Ordering Sibley Dolman to pay 100% of FICA taxes that weren't withheld and interest assessed daily thereon;

d.  Awarding any unpaid wages when misclassifying Plaintiff as an independent contractor;

e.  Granting other and further relief deemed just and equitable by this Court.

//

//

//

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of any issue so triable.

Respectfully submitted this 25th day of May, 2020.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

FRANK ANZALONE, ESQ.

By:    *Frank Anzalone*

*Attorney for Defendants*
Bar No. 0284350
4611 South University Drive, Suite 151
Davie, FL 33328
Ph: 954-274-5924
Fx: 954-680-7851
Email: frankanzalone@lawyer.com

**VERIFICATION**
**of Paul Ritchie**

I, Paul Ritchie, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Florida.

2. I have personal knowledge of the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions, including those set out in the foregoing Verified Complaint; and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America and the State of Florida that the factual statements in this Verified Complaint concerning Paul Ritchie and Raquel Ritchie, their activities, and their intentions are true and correct, as are the factual statements concerning the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions.

Executed this 25th day of May, 2020 at Fort Lauderdale, Florida.

_____
Paul Ritchie

**VERIFICATION**
**of Raquel Ritchie**

I, Raquel Ritchie, declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Florida.

2. I have personal knowledge of the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions, including those set out in the foregoing Verified Complaint; and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America and the State of Florida that the factual statements in this Verified Complaint concerning Paul Ritchie and Raquel Ritchie, their activities, and their intentions are true and correct, as are the factual statements concerning the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions.

Executed this 25th day of May, 2020 at Fort Lauderdale, Florida.

_____
Raquel Ritchie