# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Broward Division

CASE NO.: 20-CV-61047-RAR

PAUL RITCHIE,
an individual,

                     Plaintiff,

v.

MATTHEW A. DOLMAN, P.A.,
d/b/a DOLMAN LAW GROUP, and
d/b/a DOLMAN LAW GROUP
ACCIDENT INJURY LAWYERS PA,
a Florida for-profit corporation;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS, LLP,
a Florida limited partnership;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS,
a Florida general partnership;
SIBLEY LAW, P.A.,
a Florida for-profit corporation, and;
SIBLEY DOLMAN
PERSONAL INJURY LAWYERS, P.A.,
a Florida for-profit corporation
administratively dissolved,

                     Defendants.
_____/

## VERIFIED SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL RITCHIE, through his undersigned counsel, sues the above-named

Defendants and submits a Second Amended Complaint as follows:

## JURISDICTION AND VENUE

1. This is an action for: Age Discrimination in Employment (29 U.S.C. §§ 621 to 634); Violation of the Florida Civil Rights Act of 1992 (FCRA) prohibiting age discrimination in the workplace (Fla. Stat.§760.10(1)(a)); Unlawful Retaliation Fla. Stat. §448.102; Breach of employment contracts; Misclassification of Employee as an independent contractor under Florida Common Law and the Fair Labor Standards Act (29 U.S.C. 201, et seq.); Statutory Misappropriation of Image (Fla. Stat. §540.08); Florida Common Law - Unauthorized Use of Likeness, and; Florida Common Law - Restitution (Quantum Meruit/Unjust Enrichment).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and supplemental jurisdiction under 28 U.S.C. §1367 to hear additional Florida State claims substantially related to the original claim(s).

3. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in Broward County, Florida and the Defendants are Florida entities with sufficient contacts subjecting them to personal jurisdiction in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about Feb 7, 2020 Plaintiff Paul Ritchie filed a charge with the Equal Employment Opportunity Commission regarding the defendants' alleged discriminatory conduct.

5. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, attached as **Exhibit A**, mailed via Certified U.S. Postal Service by the EEOC. The tracking number is 70192280000047003298. It was received at Plaintiff Paul Ritchie's mail drop (PakMail) and signed for by an employee at that business. Therefore, Paul Ritchie cannot presently specify the exact date of receipt. Additionally, the USPS tracking report does not indicate the date of delivery.

6.   The USPS tracking report indicates that it was mailed on February 26, 2020, was in transit to another USPS facility on February 27, 2020 and still in transit to yet another USPS facility on March 2, 2020.  See attached **Exhibit B**, USPS Tracking Report.  According to the United States Postal Service tracking report, it would have been impossible for Paul Ritchie to have received the "Right to Sue" letter prior to March 2, 2020.  The ninety-day deadline counting from March 2, 2020 is May 31, 2020.  The Complaint was filed on May 28, 2020.  The filing of the Complaint is timely because it was filed within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

7.   Plaintiff PAUL RITCHIE is 69 years of age, a resident of the State of Florida and otherwise *sui juris*.

8.   Defendant MATTHEW A. DOLMAN, P.A., d/b/a DOLMAN LAW GROUP, and d/b/a DOLMAN LAW GROUP ACCIDENT INJURY LAWYERS PA, is a Florida for-profit corporation with its principal office located at 800 N. Belcher Road Clearwater, FL 33765 whose Registered Agent is Rebecca Dolman located at the same address.

9.   Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS, LLP is a Florida limited partnership filed on 10/29/2018 whose Registered Agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

10.  Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS is a Florida general partnership filed on 10/29/2018 whose Registered Agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

11. Defendant SIBLEY LAW, P.A., is a Florida for-profit corporation with its principal office located at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180 with Brent Sibley as its Registered Agent.

12. Defendant SIBLEY DOLMAN PERSONAL INJURY LAWYERS, P.A., is a Florida for-profit corporation formed on April 11, 2018 and administratively dissolved on September 29, 2019. Registered agent is Brent Sibley at 20807 Biscayne Blvd Suite 100 Aventura, FL 33180.

13. All above named Defendants are related and intertwined through consolidation, merger and/or common ownership and control and have otherwise abrogated their separate identities and/or acted in concert and/or are successors in interest.

14. All Defendants named herein are highly integrated with respect to ownership and operations and constitute a single employer or integrated enterprise. All Defendants are therefore referred to collectively as "Sibley Dolman" herein.

15. Sibley Dolman, as referenced herein, employs 20 or more employees.

## FACTS

16. Paul Ritchie graduated law school in 1987 and the next year opened a solo personal injury practice in Washington State. In 1994 he stipulated to disbarment after diverting client settlement funds to aid a military colleague. Paul was convicted of felony theft. After completing a prison sentence and statutory release of all legal financial obligations, Paul Ritchie exclusively serves licensed attorneys an experienced paralegal.

17. Beginning in June 2016, Florida attorney Brent Sibley (Sibley Law, P.A.) engaged Paul Ritchie for assistance with various cases. Paul Ritchie promptly and fully disclosed his background to Brent Sibley.

18.  On or about March 2017, Sibley provided a private office, computer and telephone for Paul Ritchie at the same office building where Sibley and his regular employees operated the firm of Sibley Law, P.A..  With Sibley's knowledge and consent Paul Ritchie continued to work on matters for other attorneys and remained a free-lance paralegal in that respect.  Although, Ritchie was now paid a regular flat monthly amount for all work required by Sibley.

19.  At all material times hereto Sibley, as an owner and supervising attorney, exercised control over all aspects and details of Ritchie's work and scheduled assignments.  Ritchie's work was part of the regular business of the employer.

20.  On or about July 2017, Sibley offered, and Paul Ritchie accepted the role of Chief Operations Officer for the Sibley Law firm.

21.  At that time Sibley and Paul Ritchie entered into an oral agreement whereby, Paul Ritchie would be allowed to temporarily continue his free-lance paralegal services for other attorneys until Sibley Law firm, and the envisioned "Sibley Law Group," could support him exclusively.  In consideration of Paul Ritchie eventually devoting <u>all</u> his time, management expertise and various creative talents, it was agreed between Paul Ritchie and Sibley that this position and arrangement would become exclusive, full-time <u>and endure for as long as Paul Ritchie desired</u>.

22.  On or about September 2017, Sibley Law moved out of the office building in Hollywood, Florida.  It was agreed that Ritchie also move and would lease his own office in a Fort Lauderdale building also occupied by a bankruptcy attorney for whom Paul Ritchie performed paralegal services.

23.  Otherwise, the arrangement and plan for work and compensation between Sibley Law and Paul Ritchie remained the same while utilizing internet communications and document

systems set up by Sibley.  Sibley also provided computer monitors and telephone equipment to Paul Ritchie.

24.  Paul Ritchie's ongoing services to Sibley Law, P.A. included client intake interviews, preparing demand presentations for complex and high value personal injury cases, and legal research and writing.

25.  Paul Ritchie, in consideration of the promise of secure lifelong employment, provided expertise in numerous areas like operational and organizational management.  Ritchie developed the litigation workflow and filing system.  He assumed responsibility for organizing and conducting quarterly staff meetings, creating presentations and providing training of employees. Ritchie also assisted Sibley in conducting weekly staff meetings for the growing firm.  And, Paul Ritchie commenced work on a new website including creating artwork, graphics and designing a website architecture.

26.  On April 11, 2018 Brent Sibley merged his practice with that of Matthew Dolman and formed "Sibley Dolman Personal Injury Lawyers PA."[1]  The principals of that firm are believed to be Attorneys Mathew Dolman, and Brent Sibley, (age 42 and 38 respectively at that time).

27.  Brent Sibley announced to Ritchie in the summer of 2018, a plan that Sibley Dolman would soon open an office at North Miami Beach.

28.  Consistent with the earlier agreement between Paul Ritchie and Sibley, it was agreed that Paul Ritchie would begin to terminate his working relationships with other attorneys and devote all his time and talent exclusively to the Sibley Dolman firm.

---

[1] Other entities were formed under the "Sibley Dolman" banner in October 2018 and are included as Defendants because their present legal status and relationship appear to be intertwined and not distinct.  Upon information and belief, Matt Dolman and Brent Sibley are principals in all entities bearing the "Sibley" and/or "Dolman" names.

29.  In July 2018 pursuant to, and relying upon, the agreement between Paul Ritchie and Brent Sibley which included employment for as long as Ritchie desired, Paul Ritchie gave his landlord notice to terminate his Fort Lauderdale office lease effective September 1, 2018.  And Paul Ritchie terminated ongoing work relationships with other attorneys, including a thriving bankruptcy attorney.

30.  On or about September, 2018, Brent Sibley held a meeting with Paul Ritchie and his wife, Raquel Ritchie, at Turnberry Isle Country Club.  Consistent with their agreement, Sibley at that time granted Paul Ritchie a raise in monthly pay based on his now exclusive relationship with Sibley Dolman.

31.  It was agreed that Paul Ritchie would work from his home office via Sibley Dolman's internet communications, management systems, and equipment, except for in-person meetings as required.

32.  During the period from September to November 2018, Paul Ritchie set up the Sibley Dolman office in North Miami Beach at the request of Brent Sibley which was beyond his expected job duties and entailed countless hours and talent.

33.  Paul Ritchie created the office design including layout, furnishings, equipment and décor.

34.  And, Paul Ritchie designed a new company logo for Sibley Dolman, which is still used by the firm in its public advertising.

35.   Paul Ritchie supervised installations of signage, designed by Ritchie, as well as electronics and internet service.

36.  Paul Ritchie shopped, selected, transported and assembled furniture, electronics and a beverage bar.  Ritchie's provided equipment including a refrigerator, coffee maker and microwave

oven at his own (unreimbursed) expense.  Paul transported and disposed of unwanted furniture left by a previous tenant.  He painted/wallpapered the entire office, conference and reception areas. These efforts were accomplished after normal hours and on weekends to make ready for the next quarterly employee meeting.

37.  The effort and contributions of time, talent and material by Paul Ritchie were above and beyond the agreed job duties, performed on his own time and, were based on the secure long-term employment relationship promised by Brent Sibley to remain for as long as Paul Ritchie desired.

38.  On or about December 10, 2018 Matthew Dolman hired Patrice Altine, age 37, into the Sibley Dolman firm.

39.  On or about January 2019, Altine was given responsibility for certain operational duties previously performed by Paul Ritchie including client intake, demands to insurance companies and transfer of client files to the "ATO" operational system used by Dolman Law Group.

40.  On or about January 2018 Ritchie was instructed by Brent Sibley to join in a video shoot with Matthew Dolman and Sibley.  The purpose, as Sibley explained to Ritchie, was to create footage depicting the top three key people (Sibley, Dolman and Ritchie) of the Sibley Dolman firm engaged in active discussions.

41.  Publication plans for the video were not discussed or disclosed to Ritchie.

42.  Paul Ritchie was never provided an opportunity to review or approve any use of video footage of his image prior to any publication.  Nor did Paul Ritchie grant permission for publication.  This contrasts with a previous video wherein employees of Sibley Law firm endorsed a product called Practice Panther.  Paul Ritchie consented to video recording in that instance as

well.  Before publication, Paul Ritchie was allowed to review the final promotional video and approve use of his image in publication.  In that video, Paul Ritchie was properly identified, and his image was used in the context originally represented.  That was not the case with the Sibley Dolman promotional video that is the subject of this action.

43.  Paul Ritchie did not execute any release, oral or written, for publication of his image or likeness by Sibley Dolman.

44.  On or about January 2019, Michaela J. Sprague, age 45 at that time, was hired at the Clearwater office of Sibley Dolman as a paralegal to assume duties over cases previously under the purview of Paul Ritchie.

45.  Michaela J. Sprague had been convicted of theft and her sentence was determined in late 2018 after probation was revoked for violation.  (Pinellas County case No. 18-00076-MM). Ms. Sprague had also been convicted of obtaining property in return for worthless check, again with probation violation.  (Pinellas County case No. 0421797MMANO, 2004).

46.  In March 2019, Ritchie requested a meeting with Sibley to discuss management issues, particularly the re-assignment of responsibilities that would have previously fallen to Ritchie. Ritchie expressed to Sibley that he was feeling like a "mushroom" (kept in the dark and fed B.S.) since the hire of Patrice Altine and Michaela Sprague.

47. At Gulfstream Park on March 15, 2019 Brent Sibley told Paul Ritchie that Matthew Dolman and his wife Rebecca Dolman (principals in Dolman Law Group and Sibley Dolman) had discussed Ritchie's continued employment with Sibley.  Sibley reassured Ritchie that his employment status remained secure and would continue for as long as Ritchie desired.

48.  Plaintiff Paul Ritchie was consistently complimented, and paid bonuses based on his performance for Sibley Dolman.

49.  On March 26, 2019 Brent Sibley asked Paul Ritchie to come early to a staff meeting scheduled for that same day.  Upon the Ritchie's arrival, Sibley arranged to be alone with Paul Ritchie.

50.  Sibley then notified Paul Ritchie that his employment was terminated upon order of Matthew Dolman.  Sibley indicated that he had known of Dolman's directive for several days.

51.  Paul Ritchie continued to be paid thru the month of April 2019 and asked to remain available if called upon, but was essentially relieved of all duties.

53.  All electronic and communications equipment belonging to Sibley was returned from Ritchie's home office.  And, the Ritchie signed out of all communications systems such as Sibley-Law.com email accounts, Slack, and Trello accounts as well as What's App and the like.

54.  Unbeknownst to Paul Ritchie, a promotional marketing video depicting the image and personality of Paul Ritchie had been published on the internet by Sibley Dolman just days before Ritchie was terminated, but after Matthew Dolman purportedly made the decision to fire Paul Ritchie and communicated that to Brent Sibley.

55.  Continuously since that date, and despite written objection by Paul Ritchie, that video and others containing Ritchie's identifiable likeness have been promulgated by Sibley Dolman over the internet on various platforms in direct promotion of Sibley Dolman law firm for the commercial purpose of selling legal services to new clients.

56.  By use of editing, some of the videos improperly suggest that Paul Ritchie is associated with insurers or insurance defense firms or adjusters.  The audience could easily believe, as perhaps intended, that the image of Paul Ritchie is that of an adversary to the Sibley Dolman firm and its clients and is defamatory by implication, or presents Paul Ritchie in a false light.  It does not depict Paul Ritchie in any manner to which he would have consented.

57.  The video published just after Matthew Dolman made the decision to discharge Paul Ritchie contained the following audible narrative boasting of a very young workforce as part of why potential clients should select the Sibley Dolman firm: "People want response times that are much quicker than they were before.  And that's what we strive to provide our clients.  <u>We have a very young, modern workforce</u>, we're available, we're connected, it's all hands on deck when we go to trial." (emphasis added)   The promotional video appears on the internet at https://sibleydolman.com/  and  at  https://www.youtube.com/watch?v=gpmbNGbr7N8&t=76s (02:05 minutes into the video.)  See **Exhibit C** attached hereto.

58.  Indeed, Sibley Dolman makes good on their expressed intent to deliberately maintain a "very young workforce."  Information in the public domain reveals the average age of a Sibley Dolman employee, including lawyers, is 36.7 years.  A list of Sibley Dolman staff is below:

| Sibley Dolman Staff | Age |
| --- | --- |
| Alex Knapp, Atty. | 41 |
| Alexandra Aimilia Veakis | 24 |
| Alicia M Winterkorn | 29 |
| Brent F. Sibley, Atty. | 38 |
| Brittany Rose Florio | 32 |
| David D. Neiser, Atty. | 58 |
| Dominic R. Scavo, Atty. | 26 |
| Erin Lee Cross | 39 |
| Izabela A. Dobson | 35 |
| Jennifer J. Mazzo | 35 |
| Julia N. Dolman, Atty. | 34 |
| Julia Nicole Mcgrath | 34 |
| Kay Nicole Viola | 21 |
| Kim Veneziano | 54 |
| Kyle Anthony James | 36 |
| Lauren La Primmer | 27 |
| Matthew A. Dolman, Atty. | 43 |
| Michaela J. Sprague | 48 |
| Patrice E. Altine | 38 |
| Rebecca Heist Dolman, Atty. | 42 |
| Sandy Kessler | 33 |

| Sarah Marie Walters | 27 |
| Sherry Sweeney | 49 |
| Susan M Bartelloni | 31 |
| Zahira Kathleene Vinolo Cordero | 35 |
| Bryan C. Hannan, Atty. | 42 |
| *AVERAGE AGE* | 36.57 |

59.  To break it down further, the median age of paralegals & legal assistants in the United

States is 42.8. [2]  The average age for non-lawyer legal staff at Sibley Dolman is 34.8 years.



60.  The median age of a lawyer in the United States today is 49.[3]  The average age of

attorneys at Sibley Dolman is 40.5 years.

| **Sibley Dolman Attorneys** | **Age** |
|---|---|
| Alex Knapp, Atty. | 41 |
| Brent F. Sibley, Atty. | 38 |
| David D. Neiser, Atty. | 58 |
| Dominic R. Scavo, Atty. | 26 |
| Julia N. Dolman, Atty. | 34 |
| Matthew A. Dolman, Atty. | 43 |
| Rebecca Heist Dolman, Atty. | 42 |
| Bryan C. Hannan, Atty. | 42 |

---

[2] Source:  https://datausa.io/profile/soc/paralegals-legal-
assistants#:~:text=The%20median%20age%20of%20Paralegals,than%20than%20their%20Female%20counterparts.
[3] Source: https://brandongaille.com/30-mind-boggling-lawyer-demographics/



61. Sibley Dolman admittedly, and boastfully, intends to maintain a "very young workforce," especially in comparison to national averages. And, they have accomplished exactly that. No wonder that Paul Ritchie, who was 67 at the time of his discharge, simply did not fit the law firm's mold where only two people are over the age of 50, and none are over 60. Age discrimination (being the expressed preference for younger workers) is intentional and the pervasive practice at Sibley Dolman. And it is the "but for" reason Paul Ritchie was discharged. Other reasons offered by Sibley Dolman are mere pretext as discussed below.

62. Immediately after the sudden termination by Sibley Dolman and publication of the videos, Ritchies' income for paralegal and administrative services dropped to zero. Paul Ritchie felt betrayed and depressed, adversely impacting his ability to seek new employment and his relationship with his wife and child.

63. On or about October 21, 2019, Plaintiff Paul Ritchie sent a letter to Sibley Dolman outlining a number of potential claims arising from his discharge from employment. Among those was a potential claim for age discrimination.

64. On the same day Matthew Dolman responded via email stating, "Paul: You were not terminated due in any part to your age. Rather, when we merged firms there was no longer a need for your services as they are handled out of Clearwater by my staff. Further, I did not want to employ or be associated with an individual who has previously been disbarred from practicing law in another State and not eligible to practice law in Florida." See **Exhibit D** attached hereto.

65. The statement is mere pretext. First, Patrice Altine who was assigned Paul Ritchie's duties was, and currently is working, in the Miami area not Clearwater. Public records show is address to be 9018 Southwest 150th Avenue, Miami, FL 33196-1342. Patrice Altine, at age 37, was hired after Paul Ritchie, assumed duties previously assigned to Paul Ritchie, and was then retained through the merger and after discharge of Paul Ritchie.

66. Second, it is not credible that Paul Ritchie was discharged because he is a disbarred lawyer for three reasons: a) Matthew Dolman knew of Paul Ritchie's background and disbarment early in 2018 and recommended an attorney to assist Paul Ritchie in pursuing reinstatement to practice law; b) in August 2018 Brent Sibley issued a check made payable to the Washington State Bar Association on behalf of Paul Ritchie in the amount of $25,869.13 for payment of restitution, even though the statute of limitations on collection had run; and; 3) the paralegal, Michaela Sprague, who was also hired after Paul Ritchie, assumed duties previously assigned to Paul Ritchie and was retained through the merger, has a criminal history as described above.

67. Regarding Paul Ritchie's scope of duties, Sibley Dolman has expressed that, "Sibley Dolman would not allow him to communicate with clients." First, that is not quite true. Paul Ritchie, at the direction and request of Brent Sibley, conducted initial screening interviews of *potential* clients and made investigations into facts to respond to discovery and support settlement

demands and litigation under a licensed attorney's supervision and in accordance with applicable rules of that time. [4]

68.  Second, the Florida Supreme court on May 28, <u>2020</u> made changes to Rules Regulating The Florida Bar 3-6.1, which governs the employment in law offices of lawyers *who have been disbarred by the <u>Florida</u> Supreme Court*.  As of July 27, 2020, Rule 3-6.1(d) now states, "Individuals subject to this rule must not have contact (including engaging in communication in any manner) with any client."[5]  A less restrictive, or explicit, version of the rule was in effect at the time Paul Ritchie was employed and discharged by Sibley Dolman.  And, it is questionable whether it is applicable to Paul Ritchie as an "Individual subject to this rule" because such individuals are defined as "former lawyers who have been disbarred or whose disciplinary resignations or disciplinary revocations have been granted <u>by the Florida Supreme Court</u>." Rule 3-6.1(a) (emphasis added).  Paul Ritchie was disbarred by the Washington State Supreme Court.  Nonetheless, the new more restrictive rule in Florida was not in effect and could not have been a reason for discharge of Paul Ritchie in <u>2019</u>.  The statement by Sibley Dolman is a belated contrivance and pretextual.

69.  On or about October 29, 2019, Matthew Dolman lodged a complaint with the Florida Bar against Paul Ritchie as retaliation against Paul Ritchie's assertion of age discrimination and other claims of his wrongful termination. While the nature of the complaint may have been confidential at that time, the fact that the complaint was filed is not confidential.

70.  On or about December 19, 2019, Paul Ritchie made a formal response to that Bar complaint.  The Florida Bar subsequently closed the complaint without comment on its merits or further action.

---

[4] See, *The Florida Bar v. Thomson*, 310 So. 2d 300 (Fla. 1975) and Florida Bar Ethics Opinion 88-6, April 15, 1988.
[5] Amendments to Rule Regulating The Florida Bar— Rule 3-6.1, Case No. SC19-1688

71.   Retaliatory acts against a previous employee are apparently nothing new for Matthew

Dolman.  In a complaint filed in a case entitled *Landau & Associates, P.A., v. Matthew A. Dolman,*

*et al* in the Sixth Judicial Circuit, Pinellas County (case no. 18-000441-CI), the plaintiff alleged

that on November 2, 2017, Dolman threatened to sue a past employee for "unsolicited practice of

law." And apparently threatened criminal action to leverage a result in a civil matter stating; "UPL

is a 3rd degree felony in this state. You would be wise to return to Ohio and drive trucks."

72.   Due to Dolman's repeated negative contact with his former employee, the parties in

the above case stipulated that during the pendency of the action:

> . . . neither Mr. Dolman, nor Dolman, P.A., either directly or indirectly, shall contact
> [that employee] in any way, be it in person, via telephone or text, via email, or
> otherwise, other than through the parties' respective undersigned counsel.
>
> * * *
>
> The Court shall enter an Order approving this Stipulation Regarding No Contact
> and directing Mr. Dolman and Dolman, PA. to comply with the terms hereof as if
> same were orders of the Court.

The Court so ordered on March 6, 2018.

73.   That former employee also brought a separate action for injunctive relief against

Dolman for stalking, *Ludwig, Jacob George v. Dolman, Matthew A*., case no. 18-001610-FD,

Pinellas County.

74.  Matthew Dolman has refrained from making additional acts of retaliation against Paul

Ritchie.  However, just eight days after Paul Ritchie raised the issue of age discrimination and

other issues regarding his wrongful termination from employment, Matthew Dolman again

demonstrated organizational retaliatory behavior by making a meritless complaint to the Florida

Bar against Paul Ritchie.  Due to its close proximity in time to Paul Ritchie raising the employment

issues, it is clear that the action taken by Matthew Dolman was retaliatory and employment related.

75.  From April 2018 to March 2019, Matthew Dolman allowed Paul Ritchie to believe that expressed assurances of job security and longevity were being honored while in actuality, Dolman was waiting for the opportune time to terminate Paul Ritchie's employment because Paul was just too old for the firm's image.

76.  Dolman's perfidious nature was also alleged in the case of *The Law Offices of Berman & Berman, P.A. v. Matthew A. Dolman, et al*, case no. 2013CA007581, 15th Judicial Circuit, Palm Beach County.  The Complaint in that case alleged that Dolman was a member of the Berman firm.  And, in paragraphs 11 and 12 of the Complaint further alleged that:

> Plaintiff discussed on numerous occasions its concerns with Matthew A. Dolman possible drug use, possible adultery and continuous white lies, however were falsely reassured each time he was 100% on board for the Plaintiff . . .

and that during the same time period,

> Dolman was diverting business of Plaintiff and conspiring to open his own competing firm utilizing Plaintiff's business contacts.

77.  Consistent with his past behavior, Matthew Dolman maintained a deception of job security and longevity for Paul Ritchie while it suited his purposes, then lashed out at Paul Ritchie in retaliation for raising issues of wrongful discharge by filing a meritless complaint with the Florida Bar in hope of chilling any further action by the Plaintiff.

78.  Plaintiff has been required to engage legal counsel to pursue his rights due to Defendants' acts and continue to incur legal fees and costs.

79.  Plaintiff has suffered and continues to suffer monetary damages, emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, and depression) as a proximate result of Defendants acts alleged herein.

**FIRST CLAIM FOR RELIEF**
AGE DISCRIMINATION
<u>Wrongful Termination of Employment</u>
29 U.S.C §623(a)(1)

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

80. At all material times hereto Plaintiff Paul Ritchie was over the age of 40.

81. At all material times hereto, Plaintiff Paul Ritchie was performing his job duties satisfactorily or better, received performance-based bonuses and consistently good performance feedback from the employer.

82. Plaintiff Paul Ritchie was discharged.

83. Two younger comparators with inferior qualifications kept their jobs substantially replacing Plaintiff Paul Ritchie.

84. Defendants Sibley Dolman had a continuing need for the Plaintiff's skills and services and his various duties were still being performed within the law firm after his discharge.

85. Defendants Sibley Dolman willfully and wrongfully terminated the employment of Plaintiff Paul Ritchie in violation of 29 U.S.C §623(a)(1).

WHEREFORE, having alleged a plausible *prima facie* case of age discrimination based on facts alleged herein, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a) Back pay from the time of discharge to trial;

    b) Front pay, to make up for the difference in pay that the employee would have earned in the future in amounts to be proven at trial;

c) Compensatory damages, including but not limited to emotional distress and pain and suffering (such as grief, fright, anxiety, humiliation, and depression) in amounts to be proven at trial;

d) Liquidated and/or other punitive damages applicable under the law in amounts to be proven at trial;

e) Attorney's fees as provided under applicable law, and;

f) Other and further relief as this Court may deem just and equitable.

## SECOND CLAIM FOR RELIEF
### AGE DISCRIMINATION
Unlawful Retaliation
29 U.S.C §623(d) and 42 U.S.C. 2000e-3(a)

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

86.  Plaintiff Paul Ritchie engaged in activity protected under 42 U.S.C. 2000e-3(a) when he sent a letter to Sibley Dolman on October 21, 2019 opposing unlawful employment practices, including age discrimination.

87.  Defendants were aware of Plaintiff Paul Ritchie's participation in the protected activity as evidenced by their acknowledgement of the Plaintiff's letter dated October 21, 2018 and forwarding that letter to the Florida Bar.

88.  Defendants, by their principal Matthew Dolman, took adverse action against the Plaintiff by lodging a complaint with the Florida Bar.

89.  A causal connection exists between the protected activity and the adverse action.  On his own behalf, Plaintiff Paul Ritchie on October 2, 2019 complained to the employer of a practice that he reasonably believed violated the anti-discrimination laws.  Eight days later, Matthew

Dolman lodged a meritless complaint with the Florida Bar in retaliation.  That proximity in time indicates a causal connection between the allegation of wrongful termination and the complaint to the Florida Bar.

90.  An inquiry by the Florida Bar was conducted and closed on April 13, 2020 without further action.

91.  Matthew Dolman's meritless Bar complaint was designed to deter Paul Ritchie from seeking legal redress and constitutes an impermissibly adverse retaliatory action precisely because of its "in terrorem effect" even though it does not arise strictly in an employment context.

92.   Generally, individuals who lodge unsuccessful complaints against a lawyer are immune from any later action for defamation or abuse of process by the lawyer.  No similar immunity is afforded a lawyer who makes an unsuccessful bar complaint against an individual member of the general public.[6]

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a)  Compensatory damages in amounts to be proven at trial;

    b)  Punitive damages applicable under the law in amounts to be proven at trial;

    c)  Attorney's fees as provided under applicable law, and;

    d)  Other and further relief as this Court may deem just and equitable.

---

[6] "Members of the legal profession are accorded rights and privileges not enjoyed by the public at large; the acceptance of these carries with it certain responsibilities and obligations to the general public. For the sake of maintaining the high standards of the profession and disciplining those who violate the Canons of Legal Ethics, one who elects to enjoy the status and benefits as a member of the legal profession must give up certain rights or causes of action which, in this instance, is the right to file an action against a complainant who lodges an unsuccessful complaint with the Grievance Committee of The Florida Bar."  *David E. Stone et al., v. Lynne B. Rosen*, 348 So.2d 387 (Fla. 3rd DCA)

### THIRD CLAIM FOR RELIEF
<u>Supplemental State Claim - Unlawful Retaliation</u>
Fla. Stat. §448.102

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

93.   Florida Statute 448.102 prohibits an employer from taking any retaliatory personnel action against an employee because the employee has disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation.

94.   Paul Ritchie objected to an activity, policy, or practice of the employer which is in violation of a law, rule, or regulation as described herein.

95.   Plaintiff Paul Ritchie has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

      a)   Compensatory damages in amounts to be proven at trial;

      b)   Punitive damages applicable under the law in amounts to be proven at trial;

      c)   Attorney's fees as provided under applicable law, and;

      d)   Other and further relief as this Court may deem just and equitable.

### FOURTH CLAIM FOR RELIEF
Supplemental State Claim
FRAUDULENT MISREPRESENTATION

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

96.  About March 2017, on behalf of Defendant Sibley Law, P.A., Brent Sibley induced Paul Ritchie to make plans to eventually abandon all other employment by promising secure, life-long, employment with Sibley Law, P.A.

97.  About 2018 Sibley failed to inform that a "merger" with Dolman could result in termination of Ritchie by control of the firm transferring to Matthew Dolman.

98.  About July through August 2018 Paul Ritchie, acting upon and in reliance on representations of employment security and longevity made by Brent Sibley on behalf of the Sibley Dolman firm, terminated his independent paralegal employment arrangements with other attorneys and gave up his business in order to be fully available to Sibley Dolman.

99.  On or about September 2018 Sibley deceived Ritchie on behalf of all Defendants named herein by expressly affirming full-time employment security and longevity for Paul Ritchie, knowing that he had relinquished control over hiring and firing to Matthew Dolman.

100. Defendants, and each of them, committed fraudulent misrepresentation by inducing Ritchie to first accept the position and then by persuading him to continue in the position by assuring him of long term employment security while at the same time, hiring replacement employees with the intent to terminate employment of Ritchie as described in detail herein.

101. Defendants though their agents, Matthew Dolman and Brent Sibley made false statements concerning material facts of employment security and longevity promised to Plaintiff Paul Ritchie as specifically set forth herein.

102. Brent Sibley, acting on behalf of Defendants, deliberately and repeatedly, and in order to deceive Paul Ritchie, failed to inform Plaintiff that upon "merger" with Dolman's firm, Dolman would have hiring and firing authority and that Paul Ritchie could lose his job and that Matthew Dolman in fact intended to terminate Paul Ritchie's employment.

103. If Matthew Dolman had knowledge superior to that of Brent Sibley regarding intentions to terminate Paul Ritchie, Dolman had a duty to timely reveal those intentions.

104. Both Brent Sibley and Matthew Dolman, acting on behalf of Defendants, knew that their representations made to Paul Ritchie of job security and longevity as specifically described herein were false.

105. Defendants intended that their representations of employment security and longevity would induce Paul Ritchie to act on those representations to forbear other employment and opportunities as specifically stated above.

106. By acting in justifiable reliance on those false representations of employment security and longevity, Paul Ritchie suffered damages.

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a) Compensatory damages in amounts to be proven at trial;

    b) Punitive damages applicable under the law in amounts to be proven at trial;

    c) Attorney's fees as provided under applicable law, and;

    d) Other and further relief as this Court may deem just and equitable.

## FIFTH CLAIM FOR RELIEF
Supplemental State Claim
Negligent Misrepresentation

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

107. About March 2017, on behalf of Defendant Sibley Law, P.A., Brent Sibley induced Paul Ritchie to make plans to eventually abandon all other employment by promising secure, life-long, employment with Sibley Law, P.A.

108. About 2018 Sibley failed to inform that a "merger" with Dolman could result in termination of Ritchie by control of the firm transferring to Matthew Dolman.

109. About July through August 2018 Paul Ritchie, acting upon and in reliance on representations of employment security and longevity made by Brent Sibley on behalf of the Sibley Dolman firm, terminated his independent paralegal employment arrangements with other attorneys and gave up his business in order to be fully available to Sibley Dolman.

110. On or about September 2018 Sibley deceived Ritchie on behalf of all Defendants named herein by expressly affirming full-time employment security and longevity for Paul Ritchie, knowing that he had relinquished control over hiring and firing to Matthew Dolman.

111. Defendants, and each of them, committed fraudulent misrepresentation by inducing Ritchie to first accept the position and then by persuading him to continue in the position by assuring him of long term employment security while at the same time, hiring replacement employees with the intent to terminate employment of Ritchie as described in detail herein.

112. Defendants though their agents, Matthew Dolman and Brent Sibley made false statements concerning material facts of employment security and longevity promised to Plaintiff Paul Ritchie as specifically set forth herein.

113. Brent Sibley, acting on behalf of Defendants, deliberately and repeatedly, and in order to deceive Paul Ritchie, failed to inform Plaintiff that upon "merger" with Dolman's firm, Dolman would have hiring and firing authority and that Paul Ritchie could lose his job and that Matthew Dolman in fact intended to terminate Paul Ritchie's employment.

114. Both Brent Sibley and Matthew Dolman, acting on behalf of Defendants, knew that their representations made to Paul Ritchie of job security and longevity as specifically described herein were false, or that the representation was made under circumstances in which the representor ought to have known of its falsity.

115. Defendants intended that their representations of employment security and longevity would induce Paul Ritchie to act on those representations to forbear other employment and opportunities as specifically stated above.

116. By acting in justifiable reliance on those false representations of employment security and longevity, Paul Ritchie suffered damages.

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

      a)  Compensatory damages in amounts to be proven at trial;

      b)  Punitive damages applicable under the law in amounts to be proven at trial;

      c)  Attorney's fees as provided under applicable law, and;

      d)  Other and further relief as this Court may deem just and equitable.

### SIXTH CLAIM FOR RELIEF
Supplemental State Claim
Promissory Estoppel

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

117. Defendants made promises (affirmative representations) of employment security and longevity which should reasonably expect to induce action or forbearance of a substantial character by Paul Ritchie as specifically set forth above.

118. Plaintiff Paul Ritchie did reasonably act and forbear to his detriment in justifiable reliance on those promises as described herein.

119. Due to the Plaintiff's detrimental reliance on the Defendants' affirmative representations as described herein, enforcing the promises of employment security and longevity is necessary to avoid injustice to Plaintiff Paul Ritchie.

WHEREFORE, Plaintiff requests this Court grant to Plaintiff and against Defendants Sibley Dolman:

    a) Reliance damages in amounts to be proven at trial;

    b) Expectation damages applicable under the law in amounts to be proven at trial;

    c) Attorney's fees as provided under applicable law, and;

    d) Other and further relief as this Court may deem just and equitable.

## SEVENTH CLAIM FOR RELIEF
### Supplemental State Claim
### Statutory Misappropriation of Image – *Fla. Stat.* §540.08

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

120. While Paul Ritchie did consent to be filmed at the direction of his employer, there was no voluntary consent to the use (publication) of the likeness, where or where it would appear, or what it would be used for.

121. Any consent became invalid upon termination of employment.

122. Paul Ritchie was not allowed to view or approve the video before it was used.

123. The use of Paul Ritchie's likeness was for Defendant's benefit and done to directly promote a product or service, not merely for expressive purposes.

124.   The association of Paul Ritchie's likeness is valuable and exploitive whether he is seen as representing an adversary (acting role to which he was an unwitting player) or as an integral part of the Sibley Dolman firm.  In either event, the value to Sibley Dolman is apparent by the continuous running of Ritchie's likeness for several months over the internet.

125.   Among others, the first video containing Ritchie's image also appeared on the Dolman Law Group "YouTube" channel on or about March 23, 2019 (https://www.youtube.com/user/dolmanlawclearwater) indicating it received 635,000 views as of October 20, 2019.  It is curious that more recently, that web page indicates the specific video had received only 380 views.  According to YouTube.com, one such video featuring Paul Ritchie has received over 6,000 views (https://www.youtube.com/watch?v=SDyCt5Ybw7w).  Another video featuring Paul Ritchie has received over 2,500 (https://www.youtube.com/watch?v=gpmbNGbr7N8).  And yet another, also displaying Paul Ritchie, has received more than 2,500 (https://www.youtube.com/watch?v=_UJukXfWeAU).  This list is not all inclusive – there are more promotional videos published by Defendants in which Paul Ritchie's image appears on various websites without his consent.

126.  The unauthorized use of his image has disrupted Plaintiff's effort to control his public image for marketing purposes, and may have substantially altered that image after receiving hundreds of thousands of views on the internet.

WHEREFORE, under Florida's right of publicity statute, the Plaintiff requests that this Court grant:

a)   Injunctive relief barring further publication of Plaintiff's image, likeness or name by or in association with Sibley Law, Sibley Dolman or Dolman Law Group;

b) Plaintiff's recovery of damages for loss or injury sustained by reasons and actions stated above, including an amount which would have been a reasonable royalty;

c) Prejudgment interest on the damages awarded, and;

d) Such further equitable relief the Court deems just and reasonable as provided by law.

## EIGHTH CLAIM FOR RELIEF
### Supplemental State Claim
### Florida Common Law - Unauthorized Use of Likeness

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

127.  The Florida common law right of publicity extends to any individual whose name or likeness has been exploited through unauthorized use during his or her lifetime.

128.  The common law right is meant to protect the privacy and integrity of an individual's name and likeness, because "Nothing so exclusively belongs to a man or is so personal and valuable to him as his name, inasmuch as his reputation and the character he has built up are inseparably connected with it." *Battaglia v. Adams*, 164 So. 2d 195 (Fla. 1964).

128.  A violation of the common law right of publicity is found when an individual's name or likeness is used without his or her consent for the benefit its value would confer on the defendant.

130.   Under the common law right of publicity, a plaintiff may be awarded nominal damages for the unauthorized use of his or her name without proving actual harm or damage.

131.  The common law right to privacy in Florida traditionally includes; the right to prohibit publicity that unreasonably places one in a false light before the public, and; the right to prohibit the appropriation of one's name and likeness.

132.  The unauthorized depiction of Paul Ritchie in the videos caused the plaintiff personal and professional humiliation, and it was severe enough to harm his career, and adversely impact relationships with family.

WHEREFORE, Plaintiff Paul Ritchie requests this Court grant to Plaintiff and against Defendants:

a.  Nominal damages for unauthorized use without further proof;

b.  Damages for defamation (false light) in an amount to be proven at trial;

c.  Damages for shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future in amounts to be proven at trial, and;

d.  Such further relief as deemed by this Court to be just and equitable under law.

### NINETH CLAIM FOR RELIEF
Supplemental State Claim
Florida Common Law Restitution – Measured by Quantum Meruit and Unjust Enrichment

Plaintiff realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

133.  Paul Ritchie performed substantial hours working to set up the North Miami Beach office of Sibley Dolman.

134.  Paul Ritchie relied on promises of long term job security reaffirmed on behalf of Sibley Dolman and then breached by order of Matt Dolman.

135.  Plaintiff changed his position to his prejudice in reliance upon the agreement which he would not have done except for the agreement.

136.  An action founded on quantum meruit or unjust enrichment at the expense of another is a common law variety of restitution to enforce an implied promise, otherwise referred to as a quasi-contract or a contract implied in law.

137.  An action for restitution is not regarded as an action upon the contract within the meaning or purpose of the Statute of Frauds, and the remedy is not in general affected by the Statute of Frauds.

138.  Thus, the Plaintiff uses quantum meruit and unjust enrichment to measure recovery (restitution) because the Plaintiff performed services for the benefit of Defendants who breached a promise upon which they intended Plaintiff to rely, and he did so rely.

WHEREFORE, Plaintiff requests this Court grant:

a.  Restitution to Plaintiff for the value of improvements and equipment provided to the North Miami Beach Office by Plaintiff;

b.  Restitution to Plaintiff Paul Ritchie for the value of the Sibley Dolman logo design, and;

c.  Other and further equitable relief deemed just by this Court.


**TENTH CLAIM FOR RELIEF**
29 U.S.C. 201, *et seq*
And Supplemental State Claim - Florida Common Law
<u>Misclassification of Employee</u>

Plaintiff Paul Ritchie realleges and incorporates allegations contained in paragraphs 1 through 79 above as if fully set forth below.

139.  The legal character of the employment relationship actually changed in March 2017 upon commencing monthly regular payments to Ritchie.  At that point he became an employee,

although not an exclusive one.  Paul Ritchie became exclusively employed by Sibley Dolman commencing September 1, 2018.

140.   Under Florida law, independent contractor or employee status depends not on the statements of the parties but upon all the circumstances of their dealings with each other.

141.  Florida law determines whether a worker is an independent contractor or employee based on a number of factors, the most important being the extent of control exercised by the employer over the worker.

142.  Here, it is indisputable that subsequent to September 2018, Sibley Dolman exercised complete control dictating to Paul Ritchie the work to be performed, hours to be worked (full-time regardless of location) and provided the operational systems and equipment to perform the work. All work product was reviewed and supervised by attorney Brent Sibley who exercised the right to direct what shall be done and how and when it shall be done.  And, after September 2018, Paul Ritchie worked exclusively for only one company – Sibley Dolman.

142.  The federal government also uses a multi-factor test to determine if a worker has been properly classified as an independent contractor, including; whether the company exerts a high level of control and instruction over the work; the company provides the tools and materials needed to perform the job, and; whether the person works for only one company.

144.  Method of payment is also a factor, whether by the time or by the job.  Paul Ritchie was paid for his time on a regular basis for work that was a regular part of the firm.

145.  Not every factor need be present to conclude that a worker is an employee rather than an independent contractor.  But among the factors, the "extent of control" is recognized by Florida courts as the most important factor in determining whether a person is an employee or independent contractor.

WHEREFORE, Plaintiff requests this Court enter judgment for Plaintiff and against Defendants:

a.  Declaring that Paul Ritchie was an employee and not an independent contractor as of a date no later than September 2018 (and as early as March 2017) and continuing through the date of his termination from employment;

b.  Awarding Plaintiff damages to include, but not limited to, overtime, break time, unpaid employer taxes in amounts to be proven at trial;

c.  Ordering Sibley Dolman to pay 100% of FICA taxes that weren't withheld originally and interest assessed daily thereon;

d.  Awarding any unpaid wages when misclassifying Plaintiff as an independent contractor;

e.  Granting other and further relief deemed just and equitable by this Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of any issue so triable.

Respectfully submitted this 4th day of September, 2020.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Second Amended Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

FRANK ANZALONE, ESQ.

By:     *Frank Anzalone*

*Attorney for Plaintiff*
Bar No. 0284350
4611 South University Drive, Suite 151
Davie, FL 33328
Ph: 954-274-5924
Fx: 954-680-7851
Email: frankanzalone@lawyer.com
            frankanzalonelaw@gmail.com

**VERIFICATION**
**of Paul Ritchie**

I, Paul Ritchie, declare as follows:

1. I am the Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Florida.

2. I have personal knowledge of the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions, including those set out in the foregoing Verified Second Amended Complaint; and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America and the State of Florida that the factual statements in this Verified Second Amended Complaint concerning Paul Ritchie, my activities, and intentions are true and correct, as are the factual statements concerning the Defendants, as well as Matthew Dolman and Brent Sibley, their activities, and their intentions.

Executed this 3rd day of September, 2020 at Fort Lauderdale, Florida.

_____
Paul Ritchie

**EXHIBIT A**

2 PAGES

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Paul Ritchie**<br>1931 Cordova Road<br>Suite 190<br>Fort Lauderdale, FL 33316 | From:  **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **EDRAS REGISME,** | |
| **510-2020-02038** | **Investigator** | **(786) 648-5819** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Nigra Santo Wright*

FEB **2 5** 2020

**Michael J. Farrell,**
**District Director**

*(Date Mailed)*

cc:     **Respondent's Representative**

**Rebecca Dolman**
**Human Resources Director**
**MATTHEW A. DOLMAN, P.A. D/B/A DOLMAN LAW GROUP,**
**SIBLEY DOLMAN, P.A.**
**800 N. Belcher Road**
**Clearwater, FL 33765**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**ALERT: DUE TO LIMITED TRANSPORTATION AVAILABILITY AS A RESULT OF NATIONWIDE CO…**

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70192280000047003298                    Remove ✕

Your package is moving within the USPS network and is on track to be delivered to its final
destination. It is currently in transit to the next facility.

## In-Transit

March 2, 2020
In Transit to Next Facility

Feedback

---

### Tracking History                                                        ⌄

**March 2, 2020**
In Transit to Next Facility
Your package is moving within the USPS network and is on track to be delivered to its final destination. It is
currently in transit to the next facility.

---

**February 27, 2020, 9:22 pm**
Departed USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**February 26, 2020, 8:40 pm**
Arrived at USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**Product Information**                                        ∧

Postal Product:                          Features:
                                         Certified Mail™

─────────────────────────────────────────────────────────

**See Less** ∧

# Can't find what you're looking for?

Go to our FAQ   ection to find an  wer   to your tracking que tion

**FAQs**

Feedback

EXHIBIT C



EXHIBIT D

 Gmail

**Paul Ritchie <psrconsultingllc@gmail.com>**

## Claim

**Matt Dolman** <matt@dolmanlaw.com>                                      Mon, Oct 21, 2019 at 9:49 AM
To: Paul Ritchie <paul@paulsritchie.com>, "BFS@sibley-law.com" <BFS@sibley-law.com>
Cc: Bobby Jones <bjones@bobbyjoneslaw.com>

Paul

You were not terminated due in any part to your age.  Rather, when we merged firms there was no longer a need for your services as they are handled out of Clearwater by my staff. Further, I did not want to employ or be associated with an individual who ha   previou ly been di  barred from practicing law in another State and not eligible to practice law in Florida.

Your claims will be responded to by counsel.  This will be my only communication with you.


Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Paul Ritchie   paul@paul  ritchie com
**Sent:** Monday, October 21, 2019 9:30:00 AM
**To:** Matt Dolman   matt@dolmanlaw com  ; BFS@  ibley law com   BFS@  ibley law com
**Subject:** Claim

[Quoted text hidden]