UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 20-CV-61047-RUIZ/STRAUSS

PAUL RITCHIE and RAQUEL RITCHIE,

    Plaintiffs,

v.

MATTHEW A. DOLMAN, *et al*.

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' RENEWED MOTION TO SEAL AMENDED COMPLAINT AND SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW (DE 52), DEFENDANTS' MOTION TO STRIKE AND TO SEAL PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO SEAL AND SUPPORTING MEMORANDUM OF LAW (DE 53), AND DEFENDANTS' RENEWED MOTION TO STRIKE AND SUPPORTING MEMORANDUM OF LAW (DE 55)**

**THIS CAUSE** is before me upon Defendants' Renewed Motion to Seal Amended Complaint and Second Amended Complaint and Memorandum of Law ("Motion to Seal") (DE 52), Defendants' Motion to Strike and to Seal Plaintiff's Response to Defendants' Motions to Seal and Supporting Memorandum of Law ("Motion to Strike and Seal") (DE 53) and Defendants' Renewed Motion to Strike and Supporting Memorandum of Law ("Motion to Strike") (DE 55) (collectively, the "Motions"). The Honorable Rodolfo A. Ruiz II, United States District Judge, has referred this matter to me pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 47). I have reviewed the Motions, and the Response (DE 58). No reply

has been filed, and the time to do so has passed. Being otherwise duly advised, for the reasons stated herein, the Motions are **DENIED**.

## I.  BACKGROUND

On May 28, 2020, Plaintiffs Paul Ritchie and Raquel Ritchie filed an eight-count Verified Complaint against Defendants. (DE 1). On August 14, 2020, Plaintiff Raquel Ritchie gave notice of voluntary dismissal without prejudice of all her claims. (DE 25). On August 20, 2020, pursuant to leave given by the District Court (DE 30), Plaintiff Paul Ritchie ("Plaintiff") filed a Verified Amended Complaint for Damages, Declaratory and Injunctive Relief and Demand for Jury Trial ("Amended Complaint"). (DE 32). On September 9, 2020, pursuant to leave given by the District Court (DE 46), Plaintiff filed a Verified Second Amended Complaint for Damages, Declaratory and Injunctive Relief and Demand for Jury Trial ("Second Amended Complaint"). (DE 48). The Second Amended Complaint alleges federal and state causes of action stemming from Defendants' employment of Plaintiff and the termination of that employment. Specifically, the Second Amended Complaint alleges Wrongful Termination Based on Age Discrimination (Count 1); Unlawful Retaliation under 29 U.S.C. § 623(d) and 42 U.S.C. 2000e-3(a) (Count 2); Unlawful Retaliation under Fla. Stat. § 448.102 (Count 3); Fraudulent Misrepresentation (Count 4); Negligent Misrepresentation (Count 5); Promissory Estoppel (Count 6); Statutory Misappropriation of Image under Fla. Stat. § 540.08 (Count 7); Common Law Unauthorized Use of Likeness (Count 8); Restitution Measured by Quantum Meruit and Unjust Enrichment (Count 9); and Misclassification of Employee under 29 U.S.C. § 201, *et seq.* and Common Law (Count 10). The Complaint alleges each cause of action against each of Defendants, referring to them collectively as "Sibley Dolman" and alleging that they are "related and intertwined through consolidation, merger and/or common ownership and control and have otherwise abrogated their

separate identities and/or acted in concert and/or are successors in interest." (DE 48 at ¶¶ 13-14). Defendants have moved to dismiss all ten counts for failure to state a claim (DE 54) and also filed the instant Motions seeking, *inter alia*,[1] to seal the Amended Complaint and the Second Amended Complaint (DE 52 at 5); to strike and to seal Plaintiff's Response to Defendants' Motion to Seal (DE 53); and to strike portions of Plaintiff's Amended Complaint and Second Amended Complaint (DE 55).

## II.     LEGAL STANDARD

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). This common-law right includes a general presumption that criminal and civil actions should be conducted publicly and incorporates the right to inspect and copy public records and documents. *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document in question]." *Id.* (internal quotation marks omitted). *See also United States v. Nickens*, 809 F. App'x. 584, 590 (11th Cir. 2020).

The right of access can be overcome by a showing of "good cause." To determine whether good cause has been established, the Court must "balance the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480

---

[1] Defendants request an *in camera* and confidential hearing on their Motion to Seal; however, I find that it is unnecessary to hold a hearing to resolve Defendants' Motions. (DE 52 at 5). Further, because I am denying the Motions, I decline to impose sanctions as requested by Defendants. *Id.*

F.3d 1234, 1246 (11th Cir. 2007); *Chi. Tribune*, 263 F.3d at 1309; *Patel v. United States*, No. 9:19-MC-81181-WM, 2019 WL 4251269, at *5 (S.D. Fla. Sept. 9, 2019).  Courts consider various factors to balance the right of access against a party's interest in keeping information confidential including: (a) whether access will impair court functions; (b) whether legitimate privacy interests are adversely affected; (c) the probability of injury if made public; (d) the reliability of the information; (e) whether opportunity exists to respond to the information; (f) whether the information pertains to public officials or public concerns; and (g) whether there is a less onerous alternative to sealing the documents.  *Romero*, 480 F.3d at 1246 (citation omitted).

Additionally, under Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters."  *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted).  District courts enjoy "broad discretion in considering a motion to strike" under Rule 12.  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (citation omitted). "Despite this discretion, a motion to strike is a drastic remedy, which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-CV-60498, 2018 WL 4743634, at *1 (S.D. Fla. Oct. 2, 2018) (internal quotation marks omitted) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

### III.     ANALYSIS

Here, Defendants take issue with paragraphs 71-76 of Plaintiff's Amended Complaint and Second Amended Complaint.  *See* DE 52 at 2 (complaining about paragraphs 71-76); DE 53 at 2 (complaining about paragraphs 71-73 and 76); DE 55 at 2 (complaining about paragraphs 71-73 and 76).  Paragraphs 71 through 76 of the Amended Complaint and the Second Amended Complaint are identical.  Defendants seek sealing of the complaints because these paragraphs: "*quote[] unverified allegations contained in other lawsuits*" (emphasis in original). (DE 52 at 2).  Defendants claim that the allegations quoted are "third hand, embarrasing, humiliating, irrelevant and inadmissible" even as "'me too' evidence."  *Id.*  Because Plaintiff's response to prior motions to strike and seal ("Prior Response") (DE 43) quotes some of the challenged material, Defendants also seek the striking and sealing of Plaintiff's Prior Response on the same basis.  (DE 53).  In addition, Defendants seek to strike paragraphs 71-73 and 76 of the complaints on the basis that these paragraphs are scandalous — "grossly disgraceful, defamatory and irrelevant to the action." (DE 55 at 2-6).  For the reasons detailed below, I find that Defendants have not carried their burden to justify the sealing and striking that they seek.

#### A.     Whether Defendants Show Good Cause for Sealing

As to sealing of the complaints (and, by extension, the Prior Response), Defendants fail to demonstrate good cause.  First, Defendants cite in support of sealing a case from 1893 whereby the Supreme Court of Rhode Island prevented disclosure to the news media of a divorce petition.  *See* DE 52 (citing *In re Caswell's Request*, 18 R.I. 835, 29 A. 259, 259 (1893)).  More recently, however, in *F.T.C. v. AbbVie Prod. LLC*, the Eleventh Circuit explained the "treatment of [a] complaint as a judicial record . . . subject to the common-law right [of access]." 713 F.3d 54, 63 (11th Cir. 2013) (citing *Chi. Tribune*, 263 F.3d at 1312).  There, the Court stressed the critical

nature of the complaint as "so fundamental to litigation that the plaintiff's pleadings in the complaint determine whether a federal court had jurisdiction to even entertain the claim." *Id.* at 62. Furthermore, that Court pointed out that "a large number of lawsuits . . . are disposed of at the motion-to-dismiss stage, which a court determines *solely* on the basis of the complaint whether the plaintiff has made sufficient factual allegations to state a claim." *Id.* (emphasis added). Thus, as the *AbbVie Prod. LLC* Court held, "access to the complaint is almost always necessary if the public is to understand a court's decision." *Id.* Therefore, given the Eleventh Circuit's emphasis on the complaint as a critical judicial record that is subject to the right of access, I do not find merit in Defendant's argument that *In re Caswell's Request* supports sealing the complaints in this case.

Second, Defendants' objections to the complaints' references to other lawsuits do not rise to a level that overcomes the right to public access. Defendants argue that the referenced legal proceedings are not admissible in this action and that the references will potentially and unjustifiably cause adverse publicity. (DE 52 at 8-9). The objected-to allegations, however, reference other complaints that are not confidential themselves. They are already in the public domain. Therefore, I do not find that Defendants have legitimate privacy issues at stake. *See Romero*, 480 F.3d at 1246. *See also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (agreeing with the district court in a lawsuit by an attorney against his former law firm that "the value of public disclosure [of the complaint] [wa]s substantial and the privacy interests at stake [were] minimal"). Additionally, the fact that the other lawsuits may eventually be determined to be inadmissible as evidence in this case is an insufficient basis for sealing. Furthermore, to the extent that Defendants allege that Plaintiff mischaracterizes the referenced lawsuits due to nefarious motives, Defendants have the opportunity to respond and correct the record. *Id.* In fact, as one court aptly stated:

> In nearly all civil and criminal litigation filed in the United States Courts, one party asserts that the allegations leveled against it by another party are patently false, and the result of the litigation may quickly prove that. However, if the purported falsity of the complaint's allegations were sufficient to seal . . ., then the law would recognize a presumption to seal instead of a presumption of openness.

*Miller v. Fluent Home, LLC*, No. 2:20-CV-00641, 2020 WL 5659051, at *2 (D. Utah Sept. 23, 2020).  Moreover, even if the objected-to references were confidential—and they are not—generalized allegations of adverse publicity do not suffice to overcome the right to public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018).

Third, Defendants' argument that the complaints should have been submitted under seal, because Florida requires filings alleging attorney misconduct to be filed under seal, is without merit.  (DE 52 at 10) (quoting Fla. R. Jud. Admin. 2.420(c)(3)(b) [sic] as requiring the filing under seal of "complaints alleging misconduct" against Florida licensed attorneys "until a finding of probable cause or no probable cause is established").  Defendants do not cite, and I do not find, any authority applying this rule to require the sealing of a complaint in a civil action in federal court on the basis that the complaint alleges misconduct by a Florida licensed attorney.  In fact, I find that courts regularly do not seal complaints alleging attorney misconduct. *See, e.g.*, *Wyndham Vacation Ownership, Inc. v. Totten Franqui Davis & Burk, LLC*, No. 18-81055-CV, 2019 WL 7905018, at *2 (S.D. Fla. Apr. 9, 2019) (finding, *inter alia*, arguments to strike "scandalous" and "pejorative" allegations against a law firm without merit); *Kovalivker v. Team Real Estate Mgmt., LLC*, No. 18-21962-CIV, 2019 WL 9093469, at *2 (S.D. Fla. Aug. 12, 2019) (denying motion to dismiss legal malpractice claim in alleged fraud scheme); *Tambourine Comerico Int'l S.A. v. Solowsky*, No. 06-20682 CIV, 2007 WL 689466, at *3, 9–11 (S.D. Fla. Mar. 4, 2007) (denying motion to dismiss claims of civil theft, breach of fiduciary duty, and negligent supervision against law firm); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 WL 8899231, at *12–13

(S.D. Fla. Oct. 29, 2018), *report and recommendation adopted*, No. 17-61019-CIV, 2018 WL 8899306 (S.D. Fla. Nov. 15, 2018) (recommending denial of motion to dismiss claim against attorney for breach of fiduciary duty).

In sum, Defendants' interests in preventing further dissemination of what is already in the public domain do not overcome the strong presumption of public access. Accordingly, for all of the reasons detailed above, I find that Defendants' arguments for sealing the complaints and the Prior Response fail.

### B. Whether Defendants Show that Striking Portions of the Complaints and the Entire Prior Response is Warranted

As to striking, Defendants fail to demonstrate that "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC*, 2018 WL 4743634 at *1. Defendants seek to strike paragraphs 71-73 and 76 as scandalous—essentially as defamatory and irrelevant—and argue that the allegations in the offending paragraphs are inadmissible as "me too" evidence, at least in part, because the other cases do not involve discrimination or employment claims. (DE 55 at 4). Plaintiff, on the other hand, claims to cite and quote the subject lawsuits as "me too" evidence because they "show past acts of retaliation against a former employee" and a past instance of tactics to which Plaintiff claims to have been subjected. (DE 58 at 6, 8). Plaintiff argues that the allegations made in the other legal proceedings "tend to prove discriminatory or retaliatory intent and perfidious tactics on the part of Defendants." *Id.* at 9. Further, Plaintiff argues that "'employment discrimination claims all require proof of discriminatory intent.'" *Id.* at 10 (quoting *Trask v. Secretary, Dept. of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016)). Without deciding the merits of Plaintiff's claims, or the admissibility of evidence of any of the alleged prior conduct, which is unnecessary and inappropriate at this

point in the instant action, I find that Plaintiff proffers a plausible possible relationship of the allegations in the objected-to lawsuits to the controversy at hand. *JazAtlanta 519 LLC*, 2018 WL 4743634 at *1. Also, I find that the references to the prior lawsuits in Plaintiff's pleadings do not prejudice Defendants at this stage of the litigation. *See Blake v. Batmasian*, 318 F.R.D. 698, 702 (S.D. Fla. 2017) (finding the matter of prejudice was raised prematurely at the pleadings stage and rejecting defendants' argument for striking prior settled lawusits as irrelevant and intended "only to besmirch and prejudice [them] before the trier of fact"). Therefore, Defendants' arguments to strike the paragraphs in Plaintiff's Complaint that reference other lawsuits fail.

### IV. CONCLUSION

Accordingly, for the reasons stated herein it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Seal (DE 52), Defendants' Motion to Strike and Seal (DE 53) and Defendants' Motion to Strike (DE 55) are **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of October 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF